PLOTNER, APPELLEE, *v.* THE BUCKEYE UNION CASUALTY CO., APPELLANT.

(No. 245—Decided May 14, 1952.)

*Mr. Clifton A. Caryl,* for appellee.
*Mr. E. A. Durbin,* for appellant.

GUERNSEY, J.  This is an appeal on questions of law from a judgment of the Common Pleas Court of Union County, Ohio, in an action wherein the appellee, James

Ray Plotner, was plaintiff, and the appellant, Buckeye Union Casualty Company, was defendant.

The action was brought by plaintiff as the named beneficiary in an automobile insurance policy issued by the defendant, wherein the defendant, among other things, agreed to indemnify the named insured against damages that might be sustained by the insured resulting from collision of the automobile owned by the insured, described in said policy. The damages alleged to have been sustained to plaintiff's automobile through collision are alleged to have amounted to $254.74.

The policy of insurance comprehended a $50 deductible clause in the ordinary form. Plaintiff sued to recover $204.74, being the amount of damages sustained in excess of the $50 deductible under the clause heretofore mentioned.

In the policy of insurance upon which this action is based, the automobile insured is described as a Pontiac for the year 1949. The term of the policy was from January 20, 1950, to January 20, 1951.

Upon the trial of the case, the Common Pleas Court rendered judgment in favor of plaintiff and against the defendant for $204.74 and costs. This is the judgment from which this appeal is taken.

The defendant assigns error in a number of particulars which may be summarized as an assignment that the judgment of the Common Pleas Court is contrary to law.

In support of its assignment of errors appellant makes two general contentions as follows:

First, that the automobile described in the policy was a 1949 Pontiac and the damages sustained by plaintiff were damages sustained to a 1950 Pontiac not covered by the policy of insurance upon which the action is based.

Second, that the policy of insurance upon which this

action is based was cancelled by it pursuant to the terms of the policy, by written notice mailed to plaintiff on April 19, 1950, and effective midnight April 25, 1950, and before July 15, 1950, when the collision in which the plaintiff sustained said damages occurred.

We will consider these assignments in the order mentioned.

The policy of insurance upon which this action was based was introduced in evidence and, among other things, discloses that the automobile insured was a 1949 Pontiac.

Other evidence discloses that the damages sustained by plaintiff were damages to a 1950 Pontiac.

There is evidence that the plaintiff orally notified the local agent of the defendant that he had acquired a 1950 Pontiac in place of the 1949 Pontiac described in the insurance policy, and that he had requested the local agent to transfer the insurance to the 1950 Pontiac.

There is no evidence that the information given by plaintiff to defendant's local agent, or that the request made by plaintiff to defendant's local agent were communicated to defendant or that the defendant had any knowledge of the acquirement of the 1950 Pontiac by plaintiff or of any request by plaintiff that the insurance described in said policy should be transferred to the 1950 Pontiac.

There was no endorsement issued by defendant to form a part of the policy.

The policy provides, among other things, in condition No. 20:

"20. Changes. Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement

issued to form a part of this policy, signed by an officer of the company and countersigned by a duly authorized agent of the company.''

Under the above quoted condition 20, the notice to the local agent did not constitute a notice to the defendant, and the request made to the local agent did not constitute a request to the defendant. Under said condition, the local agent was expressly precluded from waiving any of the conditions of the policy on behalf of the defendant. As no endorsement was issued by defendant company to be a part of the policy, transferring the insurance from a 1949 Pontiac to a 1950 Pontiac, the insurance policy upon which this action is based did not indemnify the plaintiff for damages sustained to the 1950 Pontiac.

· ''A provision in a policy of automobile liability insurance to the effect that notice to or knowledge by an agent shall not be a waiver of any part of the policy, nor estop the company from asserting any right under the terms of the policy, and that the terms of the policy can be changed only by a writing signed by the president or secretary of the company, is valid and enforceable in an action brought by the company to have declared its freedom from obligation under the contract of insurance.'' *Republic Mutual Ins. Co.* v. *Faught*, 83 Ohio App., 31, 82 N. E. (2d), 133.

Condition 22 of the policy in evidence is as follows:

''22. Cancellation. This policy may be cancelled by the named insured by surrender thereof or by mailing to the company written notice stating when thereafter such cancellation shall be effective. This policy may be cancelled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than five days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date and hour of cancellation stated

in the notice shall become the end of the policy period. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing.

"If the named insured cancels, earned premiums shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premiums shall be computed pro rata. Premium adjustment may be made at the time cancellation is effected and, if not then made, shall be made as soon as practicable after cancellation becomes effective. The company's check or the check of its representative mailed or delivered as aforesaid shall be a sufficient tender of any refund of premium due to the named insured."

The uncontroverted evidence in this case shows that the defendant mailed to the plaintiff at the address named in the policy, under date of April 19, 1950, effective April 25, 1950, a notice of cancellation of said policy in conformity to the provisions of condition 22 above set forth. As this evidence is uncontroverted as to the mailing of such notice such fact must be taken to be true. *Hayes* v. *Kentucky Joint Stock Land Bank,* 125 Ohio St., 359, 362, 181 N. E., 542.

Under the provisions of condition 22 it was immaterial to the effectiveness of such notice of cancellation whether the plaintiff received it or not.

In the case of *Gibbons* v. *Kelly,* 156 Ohio St., 163, 101 N. E. (2d), 497, the Supreme Court had under consideration a provision of an insurance policy similar to condition 22 above quoted, and held, as shown by the second and third paragraphs of the syllabus, as follows:

"2. In the absence of legislation the rights of the parties on cancellation of an insurance policy pursuant to its terms are as fixed by the contract as set forth in the policy.

"3. Where a policy of insurance provides that it 'may be cancelled by the company by mailing to the named insured * * * written notice stating when not less than five days thereafter such cancellation shall be effective,' that the time of cancellation 'stated in the notice shall become the end of the policy period,' that 'earned premiums shall be computed pro rata,' that 'premium adjustment may be made at the time cancellation is effected and, if not then made, shall be made as soon as practicable after cancellation becomes effective' and that 'the company's check or the check of its representative mailed or delivered as aforesaid shall be a sufficient tender of any refund or premium due to the named insured,' the refund of unearned premium to the insured is not a condition, either precedent or subsequent, to effective cancellation of the policy; and, after cancellation pursuant to such written notice, the insurer is merely indebted to the insured for the amount of any such unearned premium."

Considering the facts in the case at bar, in the light of these holdings, it is clear that the notice of cancellation mailed by defendant to plaintiff, as heretofore set forth, was effective irrespective of whether the plaintiff received the notice and irrespective of whether the defendant refunded to plaintiff any portion of the premium paid for the policy, and that the portion of such premium that had not been earned by defendant merely constituted a debt from defendant to plaintiff.

As the policy was cancelled as aforesaid before the collision in which plaintiff sustained the damages for which he seeks indemnification, defendant was not liable for the same.

For the reasons above mentioned, both of the contentions of the defendant that the policy of insurance did not provide indemnification for damages to the 1950 Pontiac owned by plaintiff, and that the policy of

insurance was cancelled before the damages sued for by plaintiff are conclusively supported by the law and the evidence. Consequently, the Common Pleas Court erred in rendering the judgment it rendered, the same being contrary to law.

Said judgment is hereby reversed and this court, rendering the judgment the Common Pleas Court should have rendered, renders final judgment in favor of the defendant and against the plaintiff, and further adjudges that plaintiff pay the costs of this action, both in the Common Pleas Court and in this court.

*Judgment reversed.*

MIDDLETON, P. J., and AHL, J., concur.