REPUBLIC-FRANKLIN INS. CO., APPELLANT, *v.* OLT ET AL., APPELLEES.

[Cite as Republic-Franklin Ins. Co. v. Olt, 4 Ohio App. 2d 295.]

(No. 2885—Decided December 11, 1964.)

*Messrs. Altick & McDaniel,* for appellant.

*Mr. Mathias H. Heck,* for appellees Douglas S. Olt and Helen S. Olt.

*Messrs. Holzfaster, Hoefling & Cecil,* for appellees Ruth E. Hall and James R. Hall.

CRAWFORD, J. Plaintiff, appellant herein, sought a declaratory judgment regarding its obligation under a policy of insur-

ance against liability for bodily injury and property damage, issued by plaintiff to defendant-appellee Helen S. Olt. Plaintiff contends that it has no duty to defend defendant Douglas S. Olt, son of Helen S. Olt, against actions brought against him by defendant Ruth E. Hall, mother and natural guardian of James R. Hall, and by defendant James R. Hall, arising out of an accident which occurred on June 11, 1961. The Court of Common Pleas held that the plaintiff was obligated to defend the actions.

The facts have been stipulated. The policy in question was a renewal for one year issued on November 7, 1960, on which defendant Helen S. Olt was not the title holder of the 1950 Ford two-door sedan automobile described in both the old and the renewal policies. Douglas S. Olt was the son of Helen S. Olt and a member of the same household with her on June 11, 1961. On that date Douglas S. Olt, while driving an automobile owned by one William E. Boehmer with such owner's consent, was involved in an accident which has given rise to the actions above referred to. On June 20, 1961, Helen S. Olt purchased a Chevrolet automobile and the insurance was transferred to it. She has paid the premiums on the policy and it was in full force and effect on June 11, 1961.

Plaintiff's agent advised Helen S. Olt that she was covered and protected for any car that she or her son might drive until she purchased another car.

The stipulations include all admissions contained in the pleadings. It is alleged by the Olts, and not denied, that at some time prior to the accident plaintiff's agent was informed that Helen S. Olt no longer owned the automobile described in the policy, and that the agent advised the Olts that the policy would remain in force to protect them from liability arising out of their driving of any car; that plaintiff's agent was kept advised as to the automobile being driven by Douglas S. Olt; and that the agent assured them they were fully covered at all times.

As plaintiff points out, the policy contains the usual provisions that it embodies all agreements between the insured and the company or any of its agents and cannot be changed except by endorsement, and that notice or knowledge to any agent shall not effect a waiver or change in any part of the policy.

The real question in the case is the effect of that portion of the conditions in the policy, numbered 15 and entitled "Assignment," which reads:

"This policy does not apply to any coverage if this policy be assigned or in the case of transfer or termination of the insured's interest, use or control of the automobile described herein, unless the company's consent is endorsed hereon * * *."

Plaintiff contends that the term "any coverage" comprehends each and every feature of the policy and that the plaintiff is excused from every obligation, even under coverages A and B, bodily injury and property damage liabilities, respectively. The Olts admit that no claim could be made under coverage E (collision) or D (1) (comprehensive—excluding collision) and (2) (personal effects), which coverages, incidentally, are not included in the instant contract. The Olts contend that there is no relationship between the ownership of the automobile described in the policy and coverages A and B, and that condition 15, above quoted, is not intended to apply to them.

In the portion of the policy designated "Part I—Liability," under the subject "Persons Insured," coverage is provided for the named insured and for any relative resident of the same household, with respect to any nonowned automobile (that is, not owned by the named insured or a qualifying relative) which is being operated, as in the circumstances of this case, with the permission of the owner.

Inasmuch as the named insured, Helen S. Olt, was not the owner of the automobile involved in the collision (or of the personal effects mentioned in coverage D), it is obvious that she could claim no property damages under coverages E and D, even if included in the policy. If the relative, Douglas S. Olt, had been the owner, clearly he would not have qualified for coverage limited to the operation of a nonowned automobile. As it is, he falls squarely within these provisions. This particular coverage is based, not upon his or his mother's ownership, but upon their nonownership of the automobile involved.

Hence, we are unable to see how condition No. 15, excusing the insurer from obligation because of nonownership by the named insured, can release the plaintiff from responsibility based upon nonownership. Either the two provisions are inconsistent with each other, or condition 15 does not apply to

liability for personal injury or property damage in the existing circumstances.

In case of ambiguity or apparent inconsistency, it would be our duty so to construe the policy as to give effect, if possible, to all of its provisions. 30 Ohio Jurisprudence 2d 220, Insurance, Section 209. And the contract of insurance having been prepared by the plaintiff, it must be construed liberally in favor of the insured or her beneficiary and strictly against the insurer. 30 Ohio Jurisprudence 2d 225, Insurance, Section 215.

The only case cited in the briefs is *Plotner* v. *Buckeye Union Casualty Co.*, 94 Ohio App. 94, in which an insured tried unsuccessfully to collect for damages to an automobile which he did not own.

We note in the stipulations of facts that the named insured, Helen S. Olt, paid her premiums on the policy, "which policy was in full force and effect on June 11, 1961."

The preceding paragraph in the stipulations states that when, on June 20, 1961, Helen S. Olt purchased a 1956 Chevrolet, "the insurance originally written was transferred to said Chevrolet automobile." If the insurance was not already in effect, there was nothing to transfer, and it would have been necessary that it be reinstated, not merely transferred.

Our construction and interpretation of the language used in the policy, and the dealings of the parties, bring us to the conclusion that the plaintiff is obligated to defend the actions brought against Douglas S. Olt.

The judgment of the Court of Common Pleas will be affirmed.

*Judgment affirmed.*

KERNS, P. J., and SHERER, J., concur.