82

(No. 883,427—Decided September 7, 1973.)

Common Pleas Court of Cuyahoga County.

*Messrs. Dworken & Bernstein* and *Mr. David M. Dworken,* for plaintiff.
*Messrs. Hauxhurst, Sharp, Mollison & Gallagher* and *Mr. John B. Robertson,* for defendant.

Sweeney, J. This is an action for declaratory judgment to determine whether plaintiff can recover benefits under an uninsured motorist's provision in an insurance policy. The insurance company defends on the ground that the policy was cancelled at the time of the accident.

On October 3, 1969, Neal Smith, the plaintiff in the within action, made application for an automobile insurance policy to the Globe American Casualty Company through its authorized agent, Ohio Underwriters. The policy was to be effective from October 6, 1969 to October 6, 1970. The insurance policy had a standard cancellation clause which read:

"Cancellation: * * * this policy may be cancelled by the company by mailing to the name insured at the address shown in this policy, written notice stating when, not less than 10 days thereafter, such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The * * * effective date and hour of cancellation stated in the notice shall become the end of the policy period * * *.

"* * * If the company cancels, earned premiums shall be computed pro rata * * *. Premium adjustment may be made either at the time cancellation is effective, but payment or tender of unearned premium is not a condition of cancellation."

On November 17, 1969, the defendant exercised his right to cancel the insurance policy by mailing a notice of cancellation to the plaintiff. The plaintiff never received that notice of cancellation. Also, the agency of the Ohio Underwriters Insurance Company was terminated by the defendant on November 17, 1969. No notice was sent to the plaintiff that the agent had been cancelled and no longer represented the defendant. After the termination of both the plaintiff and the agent, the plaintiff paid his last installment to the agent of eight dollars on December 17, 1969. This installment was not rejected by the agent. This installment was the fourth in a series with the other three being made on October 7, 21 and 28, 1969, with the amounts being $250, $155, and $87, respectively. On January 12, 1970, a month and one-half after the cancellation, the agent remitted to Neal Smith a refund in the amount of $422.13.

The accident out of which this suit arose occurred on December 24, 1969. The plaintiff then tried to collect on his uninsured motorist's provision and the defendant refused coverage. The plaintiff then instituted this instant action.

The controlling question in this case is whether actual receipt by the policy holder of the cancellation notice mailed by the insurer is a prerequisite to cancellation of the insurance under the so-called "standard cancellation clause" in the policy.

The law in Ohio, as stated in a Union County Court of Appeals case, is that actual notice of cancellation is not necessary to cancel an insurance policy. *Plotner* v. *Buckeye Union Casualty Co.* (1952), 94 Ohio App. 94. But this court feels that this case should not be followed due to the complexity and complexion of the insurance industry today. The law in Ohio should make actual notice necessary in the interests of public safety and protection of those who drive on our public highways.

The health and welfare of our society today demands that persons driving on our very complex and high speed highways know whether or not they are actually covered by automobile insurance which would compensate those injured by accidents which are not their fault.

It is due to this situation that the archaic system of notice of cancellation now used by insurance companies be once and for all abolished. The increased speed limits on our highways and the ever mounting number of drivers using these facilities makes it paramount that every automobile be covered by insurance and that the driver know that he is actually covered.

Those who in good faith contract with an insurance company for this coverage should be guaranteed that this insurance is in force at all times unless the insured has received actual notice of the cancellation and has acknowledged that fact to the insurance company.

The dangers of the present system of notice of cancellation are readily apparent. Non receipt of the notice, loss of the notice in transit, moving of the insured to a new location, failure of the insurance company to actually deposit the letter and many more causes of non-receipt, could easily result in the insured driving around daily without insurance coverage which he, in good faith, feels he has.

A little more effort has to be expended by the insurance company than is now being done. The record of actual receipt of a cancellation notice would benefit all society and hinder the insurance company very little. In the interest of justice to those who use our highways, it seems only fair that the insured actually know he is without insurance so that he may get other insurance coverage before he drives

again. Why must an insured, for the first time, find out he is not covered by insurance *after* the accident has occurred?

The court recognizes that the majority of the states do not require actual notice as a condition precedent to cancellation in a case with a "standard cancellation clause." *Westmoreland* v. *General Accident Fire & Life Assurance Corp.* (1957), 144 Conn. 265, 129 A. 2d 623; *Superior Insurance Co.* v. *Restituto* (D. C. S. D. Cal. C. D. 1954), 124 F. Supp. 392; and others cited in annotation, 64 A. L. R. 2d 982, 989. The reason those courts and others have followed the above rule is that they felt that the parties knew what they were signing for and the court should not attempt to rewrite the policy.

In *Superior Insurance Co.* v. *Restituto, supra,* the court said at page 395:

"Parties to a contract may contract on such methods of giving notice as they desire and unless public policy is contravened the contract should be enforced as made. The use of the mails has become too well integrated into our economic and business life for such a public policy question to concern us. * * *"

A minority of courts have held otherwise. They have felt that where the insurance policy allows cancellation after written notice is given stating when the cancellation shall be effective, and also specifically providing that the mailng of the notice as aforesaid shall be sufficient proof of notice, the mailing alone is not sufficient, and actual receipt of such notice must be shown. Michigan has followed the majority view in cases arising under its specific statutory language. *Galkin* v. *Lincoln Mut. Casualy Co.* (1937), 279 Mich. 327, 272 N. W. 694. Other states have followed the minority view without a statute to support them. These are Iowa, Minnesota, Utah and Kansas. *Selken* v. *Northland Insurance Co.* (1958), 249 Iowa 1046, 90 N. W. 2d 29; *Donarski* v. *Lardy* (1958), 251 Minn. 358, 88 N. W. 2d 7; *Diamond T. Utah, Inc.,* v. *Canal Insurance Co.* (1961), 12 Utah 2d 37, 361 P. 2d 665; and *Koehn* v. *Central Nat. Ins. Co. of Omaha* (1960), 187 Kan. 192, 354 P. 2d 352.

*Koehn, supra,* is very much like the instant case. In

*Koehn,* the action was to recover medical benefits under an automobile lability policy under which the policy had been cancelled pursuant to the terms of a "standard cancellation form." The court held that the mailing was *not* sufficient proof of notice to justify cancellation of the insurance policy. There were many reasons given, and these and others follow.

First, the public policy of this state does not favor a cancellation of an insurance policy where actual notice is not given. Insurance of all forms, especially automobile insurance, vitally affects the public interest. In *United States* v. *South-Eastern Underwriters Ass'n.* (1944), 322 U. S. 533, 540, the following was said about insurance:

"* * * Perhaps no modern commercial enterprise directly affects so many persons in all walks of life as does the insurance business. Insurance touches the home, the family, and the occupation of the business of almost every person in the United States."

Thus, the court should not allow cancellation of insurance in any mode even though parties have a right to freely enter into contracts as they wish. This policy was stated in *Donarski* v. *Lardy, supra.* Ohio has recently, as of January 1, 1970, held that actual notice is necessary to cancel an automobile insurance policy. R. C. 3937.33. This can be inferred since this section requires that if the notice of cancellation does not contain the reasons for it, the insurer shall within five days after receipt of a request for the reasons furnish an explanation. From the latter the insured must receive his notice of cancellation, or at least have knowledge of the cancellation, in order to request an explanation.

Further the public policy towards contracts has been changing in the past years. Today, when there is a disparity in bargaining power between parties to a contract the courts are scrutinizing the contract. These one-sided contracts are called adhesion contracts. They are usually standard printed forms prepared by one party and submitted to the other on a take it or leave it basis, wherein there is often no true equality of bargaining power. *Stand-*

*ard Oil Company of California* v. *Perkins* (C. A. 9, 1965), 347 F. 2d 379, 383. Insurance policies are of this type. They are almost always printed forms where usually only the amount of coverage and rate of premium are added thereto. In the instant case, the court finds that the policy in question was an adhesion contract.

These contracts should be strictly construed in favor of the insured. Most laymen, upon receiving an insurance policy, look at the coverage and not at the other fine print. In fact, most of these policies are so voluminous and difficult to read that it would take an expert to understand them. What in essence happens, is that the insured is "stuck" with the policy because he needs insurance. Clauses in these policies which an insured would probably not want and which he did not openly contract for, should be struck down as against public policy. Therefore, the "standard cancellation clause" found in the instant case should be held void, thus requiring actual notice to the plaintiff in order for cancellation. As mentioned above, a big reason why the majority of states uphold the "standard cancellation clause" is that the parties contracted for it. Assuming for an instant that the plaintiff and the defendant contracted for it, both knowing its meaning, it is well established as a rule in this state and the majority of the states, that an ambiguous insurance policy or parts of it should be construed against the insurer. *Toms* v. *Hartford Fire Ins. Co.* (1945), 146 Ohio St. 39, 63 N. E. 2d 909. Also, where there is an ambiguity, inconsistency or uncertainty in a provision of forfeiture, it must be denied. *Gustin* v. *Sun Life Assur. Co. of Canada* (C. A. 6, 1945), 152 F. 2d 447. Therefore, if it is found that the clause in question is ambiguous, it must be construed in favor of plaintiff and any forfeiture, or in this case, cancellation, cannot take place. Let us take a look at the clause in question to see if it is clear and unambiguous.

First, the clause states that the policy may be cancelled by mailing "written notice" to the insured. Words employed in contracts must be given their usual meaning unless otherwise shown. *Fidelity & Cas. Co. of New York*

v. *Hartzel Bros. Co.* (1924), 109 Ohio St. 566, 143 N. E. 137. Thus, since there is no unusual meaning given for "notice." it must mean intelligence or knowledge of a particular fact. Another sentence in the "standard cancellation clause" states, "the mailing of notice aforesaid shall be sufficient proof of notice." Looking to "sufficient proof of notice," the clause seems to be saying that enough, adequate, ample or satisfactory evidence is necessary. Therefore, it seems that there must be adequate evidence to justify cancellation. It seems to the court that just mailing the notice is not adequate evidence to the plaintiff to tell him that his policy was cancelled. The words seem to require more. The foregoing is substantially the reasoning in *Koehn* v. *Central Nat. Ins. Co., supra.* Thus, the words of the questioned insurance policy, because of ambiguity, require actual notice.

The court finds from all the evidence that the plaintiff, Neal Smith, did not receive notice of cancellation of his automobile insurance policy. That actual notice of cancellation is necessary before said policy can be cancelled. That it is the obligation of the insurance company, Globe American Casualty Company, to see that actual notice is received by the insured before said policy is cancelled. That, because of the foregoing opinion, the plaintiff was covered by insurance on the date of the accident in question, December 24, 1969. Said policy was in full force and effect and the defendant is obligated to live up to all facets of said contract of insurance.

The contract provision that provides for standard cancellation is held to be null and void and against public policy.