CANTER et al., Appellees,

v.

CHRISTOPHER, Appellant; Auto–Owners Insurance Company, Appellee.

[Cite as *Canter v. Christopher* (1992), 80 Ohio App.3d 465.]

Court of Appeals of Ohio,
Lorain County.

No. 91CA005144.

Decided June 3, 1992.

*John R. Miraldi,* for appellees Thelma and Paul Canter.

*Joseph T. Ryan, John P. Gallagher* and *Brenda Saridakis,* for appellants.

REECE, Judge.

This suit was commenced on June 14, 1990, by the plaintiffs-appellees, Thelma J. and Paul R. Canter, husband and wife. They seek recovery for damages suffered in an automobile accident allegedly caused by the defendant-appellant, Kimberly S. Christopher. On September 26, 1990, Christopher filed a third-party complaint against the appellee, Auto–Owners Insurance Company ("Auto–Owners"). Christopher claims that at the time of the accident she was to be indemnified within the limits of an automobile liability insurance policy issued by Auto–Owners.

In response to the third party complaint Auto–Owners contends that it effectively cancelled the policy prior to the accident. Auto–Owners moved for summary judgment which the court granted on July 1, 1991. Christopher appeals, raising the following assignments of error.

## Assignments of Error

"I. The trial court erred in granting summary judgment in favor of the third party defendant-appellee on the grounds that there was no genuine issue as to [any] material fact in spite of the affidavit of appellant to the contrary, all in violation of the requirements of Civil Rule 65 [*sic*].

"II. The judgment of the Lorain County Common Pleas Court granting summary judgment in favor of the third party defendant-appellee is contrary to law."

There is no dispute that Auto–Owners issued an automobile insurance policy to Christopher and her husband. The policy took effect on January 17, 1990, and covered two automobiles, one of which Christopher was driving when the accident occurred. In its motion for summary judgment Auto–Owners asserts that it cancelled the policy, effective 12:01 a.m., March 3, 1990, more than two months prior to the accident.

▮ Generally, when cancelling an automobile insurance policy, an insurer must follow the requirements as set forth in R.C. 3937.30 *et seq.* But, these conditions do not apply when an insurer is cancelling an original insurance policy within ninety days from its inception. R.C. 3937.31(C). It is fundamental that in the absence of any controlling statute, the cancellation of an insurance policy and the respective rights of the parties "are as fixed by the contract as set forth in the policy." *Gibbons v. Kelly* (1951), 156 Ohio St. 163, 46 O.O. 26, 101 N.E.2d 497, paragraph two of the syllabus; *Plotner v. Buckeye Union Cas. Co.* (1952), 94 Ohio App. 94, 99, 51 O.O. 301, 303, 114 N.E.2d 629, 632. In the present case the policy provided in part:

"We [Auto–Owners] may cancel this policy by mailing or delivering written notice to you at the address shown in the Declarations giving the date cancellation is to be effective. The date we use must be at least 10 days from the day the notice is mailed or delivered. *Proof of mailing will be proof of notice.*" (Emphasis added.)

▮ Christopher contends that permitting the cancellation of an automobile insurance policy on proof only that a notice of cancellation was mailed to the insured, without proof of actual receipt, is contrary to public policy. In support of this position she cites *Smith v. Globe Am. Cas. Co.* (1973), 38 Ohio Misc. 82, 67 O.O.2d 307, 313 N.E.2d 21. From our review this is the only reported case in Ohio to take such a position. Because *Smith* is in conflict with the Ohio Supreme Court's holding in *Gibbons, supra,* this argument must fail. See, also, *DeBose v. Travelers Ins. Cos.* (1983), 6 Ohio St.3d 65, 6 OBR 108, 451 N.E.2d 753, syllabus, construing R.C. 3937.30 *et seq.* as requiring proof only that a notice of cancellation was sent, not proof of actual receipt by the insured.

In light of the applicable law we now turn to reviewing the court's decision granting summary judgment for Auto–Owners. A motion for summary judgment may be properly granted only when there is no dispute as to any material fact, and viewing the facts most favorably for the non-moving party,

that party cannot prevail as a matter of law. *Bowen v. Kil–Kare, Inc.* (1992), 63 Ohio St.3d 84, 88, 585 N.E.2d 384, 389. See *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471, 364 N.E.2d 267, 273; Civ.R. 56(C). Once a motion for summary judgment is filed, the responding party must set forth "specific facts showing that there is a genuine issue for trial." Reliance merely on the pleadings is not sufficient when the motion presents facts negating an essential element for which the respondent carries the burden of proof. Civ.R. 56(E); see *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 276.

Auto–Owners supported its motion with the affidavit of Sherry Boyd, one of its employees. Boyd stated that she is responsible for issuing cancellation notices and that a notice was mailed to Christopher's home address on February 19, 1990. Additionally, she stated that copies of the notice were mailed to the Somers Agency, Inc. ("Somers Agency"), the agency through which the policy was purchased, and to Huntington National Bank, the loss payee on one of the insured vehicles.

Auto–Owners also provided the affidavits of Philomena Bagger, who is in charge of records for the Somers Agency, and Kris Young, an employee of Huntington National Bank. Bagger testified that the Somers Agency received a copy of the cancellation notice on February 22, 1990. Young stated that Huntington National Bank does not retain insurance cancellation notices.

In her response to Auto–Owners' motion Christopher attached the joint affidavit of herself and her husband, Wayne A. Christopher. They stated that the insurance policy with Auto–Owners was purchased on January 17, 1990, at the Somers Agency. They paid $58.67 on that day and returned on January 18, 1990, to pay $348.86, the remainder of the premium owing for six months of coverage. The Christophers asserted that at no time did they receive either a copy of the policy, receipts for their payments, or notice of cancellation. According to their affidavit they first learned that their insurance was cancelled when they called the Somers Agency to report the accident.

As Auto–Owners points out, under the terms of the policy, cancellation is effective upon "proof of mailing" of the cancellation notice. They do not have the burden to prove actual receipt by Christopher. Accordingly, the issue in this case is whether Christopher's affidavit sufficiently creates a factual dispute as to a material issue. Civ.R. 56(E); *Celotex, supra.* Specifically the question is whether testimony that a cancellation notice was not received is some evidence that the notice was never mailed.

This same issue was presented in *Simpson v. Jefferson Standard Life Ins. Co.* (C.A.6, 1972), 465 F.2d 1320, wherein the court, in interpreting Ohio law stated:

"But suppose that the addressee testifies in *denial* of the *receipt*? If this denial be believed, then is not the nonarrival of the letter some evidence that it was never mailed? The presumption * * * [of receipt] rests upon the supposed uniform efficiency of the postal service in delivering letters duly stamped, addressed, and mailed into its custody; if therefore the efficiency is operating, does not the non-arrival of an alleged letter indicate that such a letter was never given into the postal custody? Add to this, that the testimony to mailing comes usually from the mouth of persons who are vitally self-interested in proving the fact of mailing." (Emphasis *sic.*) *Id.* at 1324, quoting 9 Wigmore, Evidence (3 Ed.1970) 432–433, Section 2519. See, also, 9 Wigmore, Evidence (4 Ed.1981) 567, Section 2519.

Similarly, Christopher's affidavit that she and her husband never received the cancellation notice contradicts Auto–Owners evidence that the notice was mailed. See *Griffin v. Gen. Acc. Fire & Life Assur. Co.* (1953), 94 Ohio App. 403, 410, 52 O.O. 123, 126, 116 N.E.2d 41, 45. By the terms of the policy a notice of cancellation had to be either "mailed or delivered" to the insured. Therefore whether the notice was deposited into the mail service is a material issue under Civ.R. 56(C). *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 247–248, 106 S.Ct. 2505, 2509–2510, 91 L.Ed.2d 202, 211–212. Accordingly, the court erred in granting summary judgment given that there existed a genuine issue as to this material fact. *Id.*

Additionally, there exists a dispute over whether the Christophers were due a refund on any unearned premium after the termination of the policy. Bagger stated that the Christophers paid only $58.67 towards the premium and were therefore due no refund, whereas the Christophers contend they paid $407.53 to the Somers Agency. Auto–Owners' cancellation invoice, attached to their motion for summary judgment as Exhibit A, stated that the "Return Premium" is $304.01. Thus, a question of fact arises as to whether a refund was due the Christophers. This additional question, in this case, warrants a denial of the motion for summary judgment.

■ We acknowledge that a refund of an unearned premium following the cancellation of an insurance policy is neither a condition precedent nor a condition subsequent to an effective termination unless so stated in the policy. *Gibbons, supra,* paragraph three of the syllabus. In the present case the policy provided that a refund of any unearned premium would be made "as soon as practicable after the date of cancellation." If the Christophers' did pay the full premium then a refund was due them following Auto–Owners' cancellation of the policy. While cancellation of the policy was not conditional on refunding any unearned premium, the failure to make a refund is some

evidence supporting Christopher's position that Auto–Owners did not effectively cancel the policy.

From the foregoing analysis we conclude that there exists a triable issue of fact and therefore the court erred in granting Auto–Owners' motions for summary judgment. Accordingly, the judgment of the court is reversed and the cause is remanded to proceed in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

BAIRD, P.J., and QUILLIN, J., concur.