DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Vinton County Common Pleas Court summary judgment in favor of Progressive Max Insurance, defendant below and appellee herein.
 {¶ 2} John K. Clark, Jr., administrator of the Estate of Tammy Mae Frazier, deceased, plaintiff below and appellant herein, raises the following assignments of error:
First assignment of error:
"The trial court erred by denying motion for summary judgment of plaintiff."
Second assignment of error:
"The trial court erred by granting summary judgment for defendant-appellee when there were genuine issues of fact."
 {¶ 3} On June 21, 1998, Tammy Mae Frazier suffered fatal injuries in a car accident that Jerry G. Doherty caused. In August of 2001, appellant obtained a $300,000 judgment against Doherty for Tammy Mae Frazier's wrongful death.
 {¶ 4} Appellant subsequently sought to collect under an automobile liability insurance policy that appellee had issued to Doherty. Appellee denied the claim, asserting that it canceled the policy before the accident. On November 5, 2003, appellant filed a "supplemental petition pursuant to R.C. 3929.06." Appellant requested appellee to pay under Doherty's insurance policy. Appellee answered and claimed that before the accident, it had canceled Doherty's policy.
 {¶ 5} Both parties filed summary judgment motions, with the main issue being whether appellee properly canceled the policy before the June 21, 1998 accident, and more specifically, whether appellee mailed the cancellation notice to Doherty's "last known address." The facts relevant to this issue follow.
 {¶ 6} Approximately two months before the accident, on April 13, 1998, Doherty obtained an automobile liability insurance policy from appellee. When he filled out the insurance forms, he listed his address as 110 Hayes Court, Circleville, Ohio 43113.
 {¶ 7} On April 28, 1998, appellee mailed a bill to the Hayes Court address. On May 7, 1998, the United States Postal Service returned the bill to the insurance agency, marked "return to sender." The envelope also contained a forwarding address label that stated, "Gilliland, 201 East Mill Street, Circleville, Ohio 43113-1915." The insurance agency then contacted appellee to report the change of address. Appellee thus changed Doherty's address in its records from 110 Hayes Court to 201 East Mill Street.
 {¶ 8} On May 18, 1998, appellee mailed to Doherty a cancellation notice for nonpayment of his premium to the 201 East Mill Street address. Appellee did not receive a premium payment and canceled the policy effective May 29, 1998.
 {¶ 9} Appellant attached to his summary judgment motion an affidavit from the Circleville Postmaster, who stated that the "return to sender" sticker is computer generated and that the computer identified a person named "`Gilliland,' living at a street address beginning with 110 has filed with the United States Postal Service a forwarding order for this postal service's mail to be sent to 201 East Mill Street, Circleville, Ohio 43113-1915." The postmaster stated, however, that errors can occur. Significantly absent from his affidavit is a statement that an error occurred in Doherty's case.
 {¶ 10} To support its motion, appellee relied upon a "record of mailing" document, showing that it mailed a notice to Doherty at the Mill Street address. Appellee also referred to Progressive employee Debra Henry's deposition in which she stated that the last known address appellee documented in its records was the Mill Street address.
 {¶ 11} Appellant objected that appellee did not properly authenticate the documents it attached to its motion. Appellee then submitted Henry's affidavit verifying the documents.
 {¶ 12} On December 3, 2004, the trial court granted appellee's summary judgment motion and denied appellant's motion. Appellant timely appealed the trial court judgment.
 {¶ 13} Because appellant's two assignments of error address the propriety of the trial court's summary judgment decision, we consider them together.
 {¶ 14} In his first assignment of error, appellant argues that the trial court erred by denying his summary judgment motion because no genuine issues of material fact remain regarding whether appellee should have paid under the policy. Appellant contends: (1) that appellee did not show that it validly canceled the policy or that any other defense applied to preclude coverage; (2) that appellee did not validly cancel the policy because it did not mail the cancellation notice to the named insured's last known address as shown in appellee's records; (3) that appellee unilaterally changed the named insured's address without proper justification and without the named insured's knowledge; (4) that appellee improperly relied upon the "return to sender" sticker that the United States Postal Service affixed that contained a new mailing address; and (5) that to validly cancel the policy, appellee was required to mail the cancellation notice to the address that the named insured provided and could not rely upon any information other than information the named insured directly provided. In his second assignment of error, appellant argues that the trial court erred by granting appellee's summary judgment motion. He complains that the trial court should not have considered certain statements and documents appellee used to support its motion and should have stricken the evidence "because there was no evidentiary support in the record for those statements, and the documents attached were not authenticated and were not linked to testimony in the record by affidavit or otherwise."
 {¶ 15} Appellee argues that the policy states that it may cancel the policy by mailing a cancellation notice to the named insured at the "last known address appearing in our records." It asserts that it mailed a cancellation notice to the last known address as contained in its records.
 {¶ 16} Initially, we note that when reviewing a trial court's decision regarding a summary judgment motion, an appellate court conducts a de novo review. See, e.g., Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 671 N.E.2d 241. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brownv. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711,622 N.E.2d 1153; Morehead v. Conley (1991), 75 Ohio App.3d 409, 411-12,599 N.E.2d 786. Thus, in determining whether a trial court properly granted a motion for summary judgment, an appellate court must review the standard for granting a motion for summary judgment as set forth in Civ.R. 56, as well as the applicable law.
 {¶ 17} Civ.R. 56(C) provides, in relevant part, as follows:
* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
 {¶ 18} Thus, a trial court may not grant a summary judgment motion unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997), 77 Ohio St.3d 421,429-30, 674 N.E.2d 1164.
 {¶ 19} Under Civ.R. 56, the moving party bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a material fact. Vahila, supra; Dresher v. Burt (1996), 75 Ohio St.3d 280, 293,662 N.E.2d 264, 273. The moving party cannot discharge its initial burden under the rule with a conclusory assertion that the nonmoving party has no evidence to prove its case. See Kulch v. Structural Fibers, Inc.
(1997), 78 Ohio St.3d 134, 147, 677 N.E.2d 308, 318; Dresher, supra. Rather, the moving party must specifically refer to the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any," which affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Civ.R. 56(C); Dresher, supra.
 {¶ 20} "[U]nless a movant meets its initial burden of establishing that the nonmovant has either a complete lack of evidence or has an insufficient showing of evidence to establish the existence of an essential element of its case upon which the nonmovant will have the burden of proof at trial, a trial court shall not grant a summary judgment." Pennsylvania Lumbermans Ins. Corp. v. Landmark Elec., Inc.
(1996), 110 Ohio App.3d 732, 742, 675 N.E.2d 65. Once the moving party satisfies its burden, the nonmoving party bears a corresponding duty to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); Dresher, supra.
 {¶ 21} In responding to a summary judgment motion, the nonmoving party may not rest on "unsupported allegations in the pleadings." Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47. Instead, Civ.R. 56 requires the nonmoving party to respond with competent evidence that demonstrates the existence of a genuine issue of material fact. Specifically, Civ.R. 56(E) provides:
* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
 {¶ 22} Consequently, once the moving party satisfies its Civ.R. 56 burden, the nonmoving party must demonstrate, by affidavit or by producing evidence of the type listed in Civ.R. 56(C), that a genuine issue of material fact remains for trial. A trial court may grant a properly supported summary judgment motion if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that there is a genuine issue for trial. Dresher,
supra; Jackson v. Alert Fire Safety Equip., Inc. (1991),58 Ohio St.3d 48, 52, 567 N.E.2d 1027.
 {¶ 23} In Ohio, an injured person may sue a tortfeasor's liability insurer after obtaining judgment against an insured. R.C. 3929.06;Chitlik v. Allstate Ins. Co. (1973), 34 Ohio App.2d 193, 198,299 N.E.2d 295. The injured person, sometimes referred to as the injured creditor, need not be a party to the insurance policy in order to sue the insurer for benefits pursuant to the tortfeasor's policy. The injured creditor may collect to the extent to which the insured is entitled to under the policy. R.C. 3929.06; Transamerica Ins. Co. v. Taylor (1986),28 Ohio St.3d 312, 504 N.E.2d 15, overruled on other grounds, PreferredRisk Ins. Co. v. Gill, 30 Ohio St.3d 108, 507 N.E.2d 1118; Sanderson v.Ohio Edison Co. 69 Ohio St.3d 582, 1994-Ohio-379, 635 N.E.2d 19. Thus, if the insurer canceled the insured's policy, the injured creditor has no right to collect under the policy.
 {¶ 24} R.C. 3937.32 and 3937.33 limit an insurer's ability to cancel and provide specific steps to follow. However, when the insurance policy has been in effect for less than ninety days, as it was in the case sub judice, the cancellation statutes do not apply. See R.C. 3937.31(C) ("Sections 3937.30 to 3937.39 of the Revised Code do not apply to any policy or coverage that has been in effect less than ninety days at the time notice of cancellation is mailed by the insurer, unless it is a renewal policy."); Canter v. Christopher (1992), 80 Ohio App.3d 465,467, 609 N.E.2d 609; Donaldson v. Grange Mutual Casualty Co (Dec. 11, 1989), Clinton App. No. CA89-07-011. Instead, the policy provisions control. Canter, 80 Ohio App.3d at 467; see, also, Gibbons v. Kelly
(1951), 156 Ohio St. 163, 101 N.E.2d 497, paragraph two of the syllabus.
 {¶ 25} We disagree with appellant's assertion that appellee's cancellation was ineffective. Appellee's cancellation provision states: "We may cancel this policy by mailing a notice of cancellation to the named insured shown on the Declarations Page at the last known address appearing in our records."
 {¶ 26} The case law concerning whether a cancellation notice was mailed to a named insured's "last known address" is sparse. In Osbornev. Reliable Ins. Co. (Apr. 30, 1987), Cuyahoga App. No. 51815, the court determined that genuine issues of material fact remained regarding whether the insurer mailed a cancellation notice to the insured's last known address when the insured stated in an affidavit that he twice notified the insurer of his change of address and when the insurer failed to produce "appropriate" evidence that it mailed the notice to the insured's last known address.
 {¶ 27} In the case at bar, however, absolutely no evidence exists to indicate whether Doherty notified the post office that his address changed from Hayes Court to Mill Street. Appellant has not presented any evidence from Doherty that Doherty's change of address was incorrect or that Doherty did not, in fact, complete a change of address with the United States Postal Service. Furthermore, nothing in the record shows that the cancellation notice appellee sent to the Mill Street address was returned as undeliverable. Only appellant's speculation and the postmaster's statement that errors "can" occur suggest that Doherty did not complete a change of address with the Postal Service. We believe that this suggestion falls short of the type of evidence needed to demonstrate the existence of a material fact. Appellant has not offered any evidence to show that the post office incorrectly identified Doherty's address on the return to sender sticker.
 {¶ 28} Because no evidence exists that the address on the return to sender sticker was incorrect, appellee justifiably relied upon it to update its records and change Doherty's address. Appellant's argument that appellee could change Doherty's address only upon Doherty's request or from information Doherty directly provided is without merit. The case appellant refers to as supporting this proposition, State v. Morrison
(1982), 2 Ohio App.3d 364, 442 N.E.2d 114, is distinguishable.
 {¶ 29} In Morrison, the defendant was convicted of driving while under a license suspension. He appealed his conviction, arguing in part that he was not properly notified of the license suspension. The court remanded the matter to the trial court to determine whether the Bureau of Motor Vehicles sent notice of the suspension to the defendant's last known address and provided the following guidance: "[N]otice sent to the address appearing on a licensee's most recent license application or a new address which the licensee specifically supplies to the BMV is the `most current address' and complies with a statutory requirement that notice be sent to a licensee's `last known address.'" Id. at 367. TheMorrison court did not state that this is the only way to determine a licensee's last known address, but instead, that relying upon this type of information would sufficiently comply with a statute requiring notice to a person's "last known address." Thus, contrary to appellant's argument, Morrison does not eliminate information obtained from a United States Postal Service forwarding address label as proper information to obtain an individual's last known address. Neither does Morrison state that only first-hand information from the individual can establish a last known address.
 {¶ 30} Furthermore, appellee's policy specifically states that it will mail the cancellation notice to the named insured's last known address as it appears in appellee's records. The policy does not state that it will verify any change of address or change an address only upon the named insured's request.
 {¶ 31} Lastly, we note that we also disagree with appellant that the trial court should have stricken certain evidence. Once appellant raised this issue in his memorandum contra appellee's summary judgment motion, appellee corrected any deficiencies by filing an additional affidavit.
 {¶ 32} Accordingly, based upon the foregoing reasons, we overrule appellant's first and second assignments of error and affirm the trial court's judgment.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Vinton County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, J. McFarland, J.: Concur in Judgment Opinion.