OPINION *Page 2 
{¶ 1} Plaintiff-Appellant, Michael D. Palte, appeals the judgment of the Defiance County Court of Common Pleas, granting summary judgment in favor of Defendant-Appellee, United Ohio Insurance Company (hereinafter referred to as "United"). On appeal, Palte asserts that the trial court erred in finding that there were no genuine issues of fact and that United was entitled to a judgment as a matter of law. Based on the following, we affirm the judgment of the trial court.
 {¶ 2} In May 2005, Palte purchased an insurance policy (hereinafter referred to as "the Policy"), issued by United, covering Palte's 2002 Dodge Ram pick-up truck through Grant Insurance Agency, Inc. (hereinafter referred to as "Grant") in Continental, Ohio. According to the terms of the Policy, it was to be effective from May 26, 2005 through November 26, 2005 and required an initial premium payment of $297.00, one monthly payment of $78.69, and four monthly payments of $190.32 due by the 26th of every month.
 {¶ 3} On May 5, 2005, Palte made a payment of $575.00 to Grant. Subsequently, Grant sent $297.00 of this payment to United to initiate the Policy and the remaining balance was for monies Palte owed to Grant for an automobile insurance policy issued by Progressive in 2004. *Page 3 
 {¶ 4} On May 27, 2005, United received the payment from Grant to initiate the Policy.
 {¶ 5} On July 9, 2005, Palte made a payment of $78.69 on the Policy.
 {¶ 6} In July 2005 through September 2005, Palte resided at H 849 Rd. 10 in Hamler, Ohio.[1]
 {¶ 7} On or about August 1, 2005, United sent Palte correspondence to his address at H 849 Rd. 10 in Hamler, Ohio, indicating that his premium in the amount of $190.32 was past due. The correspondence also provided that if payment was not received, the Policy would be canceled effective 12:01 a.m. on August 13, 2005. Additionally, United provided a Certificate of Mailing and a Certificate of Bulk Mailing, which shows that the correspondence was sent on August 1, 2005. Palte claims that he did not receive this correspondence.
 {¶ 8} On or about August 15, 2005, United sent Palte a correspondence indicating that the Policy had been canceled as of August 13, 2005, for nonpayment of premium. Palte claims that he did not receive this correspondence.
 {¶ 9} On September 14, 2005, Palte made a payment to Grant for $573.00.
 {¶ 10} On October 11, 2005, Palte was involved in an automobile accident, wherein he was alleged to be negligent. *Page 4 
 {¶ 11} On October 12, 2005, Palte made a claim to United for insurance coverage, but was denied coverage. In a letter dated October 12, 2005, United notified Palte that his automobile insurance policy was not in force at the time of the accident and denied his claim.
 {¶ 12} Because United refused to provide liability coverage for the October 2005 accident, the Ohio Bureau of Motor Vehicles notified Palte that it intended to suspend his driver's license under R.C. 4509.17 and4509.101(C). However, after an administrative hearing, the Bureau found that Palte had insurance coverage at the time of the accident and did not suspend his driver's license.
 {¶ 13} On January 25, 2006, Palte filed a complaint for declaratory judgment asserting his rights for insurance coverage.
 {¶ 14} In February 2006, United filed its answer.
 {¶ 15} In March 2006, United filed a counterclaim against Palte.
 {¶ 16} In June 2006, both Palte and United filed motions for summary judgment.
 {¶ 17} In July 2006, the trial court held a hearing. At the conclusion of the hearing, the trial court found that there were no genuine issues of material fact and that United was entitled to judgment as a matter of law.
 {¶ 18} It is from this judgment Palte appeals, presenting the following assignment of error for our review. *Page 5 
 THE TRIAL COURT'S FINDING THAT THERE ARE NO GENUINE ISSUES OF FACT AND DEFENDANT-APPELLANT IS ENTITLED TO A JUDGMENT AS A MATTER OF LAW IS CONTRARY TO LAW.
 {¶ 19} In his assignment of error, Palte argues that the trial court erred in finding that there were no genuine issues of fact and that United was entitled to a judgment as a matter of law. Specifically, Palte asserts that since he did not receive the notice of cancellation from United, a genuine issue of material fact has been created as to whether United actually mailed the notice. We disagree.
 {¶ 20} An appellate court reviews a summary judgment order de novo.Hillyer v. State Farm Mut. Auto Ins. Co. (1999), 131 Ohio App.3d 172,175. Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination. Diamond Wine Spirits, Inc. v. Dayton Heidelberg Distrib. Co., 148 Ohio App.3d 596,2002-Ohio-3932, at ¶ 25, citing State ex rel. Cassels v. Dayton CitySchool Dist. Bd. of Ed., 69 Ohio St.3d 217, 222, 1994-Ohio-92. Summary judgment is appropriate when, looking at the evidence as a whole (1) there is no genuine issue as to any material fact, (2) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, and, therefore, (3) the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); Horton v. Harwick Chem. Corp., 73 Ohio St.3d 679,686-87, 1995-Ohio-286. If any doubts exist, the issue *Page 6 
must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg, 65 Ohio St.3d 356, 358-59, 1992-Ohio-95.
 {¶ 21} The party moving for summary judgment has the initial burden of producing some evidence that affirmatively demonstrates the lack of a genuine issue of material fact. State ex rel. Burnes v. Athens Cty.Clerk of Courts, 83 Ohio St.3d 523, 524, 1998-Ohio-3; see alsoDresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107. The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; they may not rest on the mere allegations or denials of their pleadings. Id.
 {¶ 22} United supported its summary judgment motion with the affidavits of Lea Coll and Dennis Fullerton, both United employees. Coll, United's General Accounting Manager, testified that the Policy's premium for six months was $1,112.00 to be paid by an initial payment of $297.00, one monthly installment of $78.69, and four monthly installments of $190.32 due by the 26th of every month and that accounting records for the Policy indicate that a $297.00 payment was received on May 27, 2005, a $78.69 payment was received on July 9, 2005, and no other payments had been received. Fullerton stated that he maintained the underwriting file for the Policy and that the file contained a Certificate of Mailing dated August 1, 2005 and Form 3877 Certificate of Mailing Modified Approved Co. Form for mail United sent on August 1, 2005. Included with Fullerton's *Page 7 
affidavit were copies of the Certificate of Bulk Mailing from the United States Postal Service, which indicated that United sent 634 first class letters with 37 cents postage, and the Form 3877 Certificate of Mailing Modified Approved Co. Form, which indicated that on August 1, 2005, United sent a Notice of Cancellation to Palte at his address in Hamler, Ohio.
 {¶ 23} United also provided the affidavit of Mark Wilson, an insurance agent with Grant. Wilson stated that Grant received a correspondence dated July 31, 2005 from United, indicating that Palte owed a past due amount and that the Policy would be cancelled for non-payment of premium if the payment was not received by August 13, 2005. Wilson also noted that it received another correspondence dated August 15, 2005 from United, indicating that the Policy had been cancelled.
 {¶ 24} Palte supported his summary judgment motion with his own affidavit. Palte stated that he paid $575.00 to Grant on May 5, 2005; that he did not know the premium costs of the Policy or who the Policy was through; that he made additional payments of $78.69 on July 9, 2005 and $573.00 on September 14, 2005; that he received mail at both of his homes, but has not received everything that has been sent to him; that he believed that he had insurance at the time of the accident; and, that he did not recall receiving the two cancellation notices United allegedly issued prior to the accident. *Page 8 
 {¶ 25} As United correctly points out in its brief, when the language in a written insurance contract is clear and unambiguous, a court does not need to look beyond the four corners of the contract. Alexander v.Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241. In the absence of a statute, the cancellation of an insurance contract is governed by the contract. Here, the Policy provides, in pertinent part:
 PART G — GENERAL POLICY PROVISIONS
 * * *
 TERMINATION
 A. Cancellation
 This policy may be cancelled during the policy period as follows:
 * * *
 2. We may cancel by mailing to the named insured shown in the Declarations at the address last known by us:
 a. at least 10 days notice:
 (1) if cancellation is for nonpayment of premium; or
 (2) if notice is mailed during the first 90 days of this policy is in effect and this is not a renewal or continuation policy * * *.
(the Policy pp. 16-17). Accordingly, when Palte failed to make his premium payment in July 2005, the terms of the Policy allowed United to cancel his insurance coverage.
 {¶ 26} Here, United sent Palte a correspondence on or about August 1, 2005, indicating that his premium payment was past due and that his insurance coverage would be canceled at 12:01 a.m. on August 13, 2005. After not receiving a response from Palte, United sent Palte an additional correspondence indicating that his insurance coverage had been canceled as of August 13, 2005, *Page 9 
for non-payment of premium. As the evidence is uncontroverted as to the mailing of such notice, such fact must be taken to be true. Hayes v.Kentucky Joint Stock Land Bank of Lexington (1932), 125 Ohio St. 359,362. Accordingly, under the terms contained in the Policy, United properly complied in cancelling the Policy.
 {¶ 27} In Plotner v. Buckeye Union Cas. Co., this Court considered a provision of an insurance policy similar to the terms noted above[2]
with very similar facts. (1952), 94 Ohio App. 94. In Plotner, Buckeye Union mailed written notice of cancellation of Plotner's insurance policy before a traffic accident occurred. Id. at 96-97. This Court found that Buckeye Union complied with its cancellation provisions and that it was immaterial whether Plotner received the notice of cancellation. Id. at 99.
 {¶ 28} However, the issue in this case is whether Palte's affidavit sufficiently creates a factual dispute as to a material issue. Specifically, the *Page 10 
question is whether testimony that a cancellation notice was not received is some evidence that the notice was never mailed.
 {¶ 29} Under Ohio law, in order to benefit from the presumption that a letter has been received, proof is required that: (1) the letter was properly addressed; (2) the letter had sufficient postage; and (3) the letter was properly deposited in the mails. Bakle v. Townsend TreeService Co., Inc. (1983), 3d Dist. No. 11-81-11, quoting Simpson v.Jefferson Standard Life Ins. Co. (6th Cir. 1972), 465 F.2d 1320, 1323; see 57 Ohio Jur.3d Insurance § 505. "Ordinarily, the deposit of a notice of cancellation in the mail would be delivered to the insured at the address stated in the policy, and it has been held that proof of the mailing of a letter properly stamped and addressed affords prima facie evidence of its receipt by the addressee." Griffin v. General AccidentFire and Life Assur. Co. (1953), 94 Ohio App. 403, 410. "It must be remembered that when it is sought to prove the preparation and mailing of a document, four things must be shown. They are the instrument's execution, its enclosure in a proper container correctly addressed and stamped, that it was placed in the mails, and, where time is of the essence, that it was mailed in time." Hitz v. Ohio Fuel Gas Co. (1932),43 Ohio App. 484, 490. Nevertheless, evidence that a letter was not received was generally regarded as sufficient to rebut this presumption and create a jury issue, for the presumption was one of fact.Bakle, supra, quoting Jefferson Standard, 465 F.2d at 1323. *Page 11 
 {¶ 30} As noted above, United supported its summary judgment motions with the affidavits of Coll and Fullerton, which indicated that Palte's insurance premiums were past due and that a notice of cancellation was sent. In response, Palte provided an affidavit, which indicated that he did not receive the notice of cancellation from United. If this was all the evidence presented, we would agree with Palte's argument that the trial court erred in granting summary judgment in favor of United. However, United also provided a copy of the Certificate of Bulk Mailing from the United States Postal Service, which indicated that United sent 634 first class letters with 37 cents postage, and a copy of Form 3877 Certificate of Mailing Modified Approved Co. Form, which indicated that on August 1, 2005, United sent a Notice of Cancellation to Palte at his address in Hamler, Ohio.
 {¶ 31} Therefore, based on this Court's prior precedent and the evidence presented, we cannot find that the trial court erred in finding that there were no genuine issues of fact and that United was entitled to a judgment as a matter of law. The law and evidence support that United cancelled the Policy prior to the accident. Consequently, United is entitled to judgment as a matter of law.
 {¶ 32} Accordingly, Palte's assignment of error is overruled. *Page 12 
 {¶ 33} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
PRESTON and WILLAMOWSKI, JJ., concur.
[1] In Palte's affidavit supporting his motion for summary judgment, Palte indicates that he has two homes and received mail at both of them. It is undisputed that one of Palte's homes was in Hamler, Ohio and that this residence was the address provided in the Policy.
[2] The provision in Plotner provided:
 22. Cancellation. This policy may be cancelled by the named insured by surrender thereof or by mailing to the company written notice stating when thereafter such cancellation shall be effective. This policy may be cancelled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than five days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing.
Plotner, 94 Ohio App. at 98-99. *Page 1